# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**BELINDA K. FRANKS**                                                                         **PLAINTIFF**

**v.**                       Case No. 3:16-cv-00247-KGB

**STEPHEN HAMMELL**                                                            **DEFENDANT**

## ORDER

Plaintiff Belinda K. Franks, who is an inmate at the Poinsett County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 19, 2016 (Dkt. No. 2). United States Magistrate Judge Joe J. Volpe granted leave to proceed *in forma pauperis* on September 26, 2016 (Dkt. No. 3). Federal law requires that this Court screen prisoner complaints. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A.

Ms. Franks alleges that she could not pay her rent on August 3, 2016, and her landlord, defendant Stephen Hammell, subsequently rented the home to another person and refused to give Ms. Franks's personal property to her. She seeks reimbursement for her belongings. Although Ms. Franks may have a state law claim for conversion of her belongings, she does not state a claim for relief under 42 U.S.C. § 1983, the statue under which she purports to bring this lawsuit. To state a cognizable claim for damages under § 1983, a plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived her of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Ms. Franks did not identify Mr. Hammell as a state actor or employee or allege any unconstitutional actions by Mr. Hammell. The Court dismisses Ms.

Franks's complaint without prejudice because Mr. Hammell is not identified as a party that may be sued under 42 U.S.C. § 1983 (Dkt. No. 2).

The Court dismisses without prejudice Ms. Frank's complaint for failure to state a claim upon which relief may be granted (Dkt. No. 2). Dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

It is so ordered this the 27th day of June, 2017.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge